■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ORLANDO RODRIGUEZ, BRYCE FRAZIER, and TERENCE TEDDER, Defendants. BRUCE BERGER, as Assistant District Attorney, Appellant.—Order, Supreme Court, New York County (Patricia Williams, J.), entered on July 11, 1991, which imposed sanctions upon Mr. Bruce Berger, Assistant District Attorney, New York County, in the sum of $150.00, pursuant to Rules of the Chief Administrator (22 NYCRR) part 130, is unanimously reversed, on the law, and on the facts, the imposition of costs vacated, and the fine remitted, without costs.

On June 25, 1991, the New York Law Journal (at 14, col 1) published a notice that Criminal Term, Part 43, would commence calling the Hearing and Trial Calendar at 9:30 A.M. Specifically, the notice stated, in pertinent part: "[f]ailure to comply with these time schedules may result in sanctions being imposed", and that "[a]ll attorneys are expected to comply with these time schedules, which will be strictly enforced". *(Ibid.)*

Thereafter, on the morning of July 11, 1991, when Criminal Term called the case of *People v Orlando Rodriguez, Bryce Frazier, and Terence Tedder* for trial, it found that, the Assistant District Attorney assigned to that case was not present in Court. Since the assigned Assistant was not present, Criminal Term stated to the Assistant District Attorney who was present in Court, Mr. Zachary Weiss, that: "Who is the assistant assigned to the case—well, he is not here. The case is on for trial, it is a quarter of ten, it is scheduled for 9:30. There is no file, no explanation, whoever that assistant may be is fined for lateness, among other things. You will locate who that individual is, but Mr. Weiss, if you are so inclined, advise whoever that assistant they owe the Client Security fund of the State $150. It should be delivered to your office this afternoon".

Following the colloquy between Criminal Term and Mr. Weiss, the Assistant District Attorney assigned to the instant matter, Mr. Bruce Berger appeared in the courtroom and announced: "I apologize [to] the Court. I was not aware you start at 9:30, that is, no excuse, but I do apologize."

In response, Criminal Term replied: "I have already marked the case on for a week, and marked the People not ready, because it seems to me the People cannot be ready when a case is called, and they are not present, and there is no file and no one knows what's going on. Also, you have a sanction of a $150 on you. Sir, for approximately the last two or three weeks now, the Court has had a notice in the Law Journal

indicating it starts at 9:30. The case was scheduled for trial today at 9:30."

Subsequently, Mr. Berger paid that fine, and appeals.

Pursuant to the provisions of the Rules of Chief Administrator, before the imposition of sanctions the accused attorney must be afforded "a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]). Further, the Court of Appeals held in *Matter of Children of Bedford v Petromelis* (77 NY2d 713, 723 [1991]), that the minimum demands of due process require "that the parties be afforded reasonable notice of the claims against them and an opportunity to be heard on those claims". Therefore, we find that Criminal Term erred when it imposed the sanctions before it even knew the name of the responsible Assistant District Attorney.

Accordingly, we reverse, vacate the sanction, and remit the fine. Concur—Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ.